Cause No. 22-2391-467

| | | |
|---|---|---|
| FRENCH CROOK, III, as TRUSTEE OF THE HARBOR LIGHTS 2625 LAND TRUST | § § § | IN THE DISTRICT COURT |
| Vs | § § | DENTON COUNTY, TEXAS |
| AMERIHOME MORTGAGE COMPANY, LLC. | § § § | 467th JUDICIAL DISTRICT |

PLAINTIFF'S FIRST AMENDED VERIFIED ORIGINAL PETITION AND APPLICATIO FOR TEMPORARY RESTRAINING ORDER

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW TREY CROOK as, TRUSTEE of the CHAPEL HILL 801 LAND TRUST, and files this Original Petition claiming for causes of action against Defendant:

I

RULE 47 STATEMENT

This suit does not seek monetary damages, but involves title to real estate whose value is more than $100,000 but less than $200,000.

II

DISCOVERY LEVEL

Plaintiff intends to conduct discovery under Level 2, T.R.Civ.Pro. Rule 190

III

PARTIES

1. Plaintiff is TREY CROOK, an individual residing in Dallas County, Texas. Plaintiff sues in its capacity as Trustee of the HARBOR LIGHTS 2625 LAND TRUST..

2. Defendant is A.

IV

VENUE

This suit concerns title to property in this County; and therefore, venue is mandatory in this County.

V

FACTS

1. Plaintiff is the owner in fee simple of that parcel of real estate ("the property") described as:

    "Lot 11, Block 1 of Robinson Ridge, Phase 2, , an Addition to the town of Little Elm, Denton County, Texas, according to the plat thereof recorded in Cabinet V, Slide 282, Plat Records of Denton County, Texas, and more commonly known as 2625 Harbor Lights Drive, Little Elm, Tx., 75068.

2. Plaintiff acquired its interest in the property by virtue of an Assessment Lien Deed recorded on October 5, 2021, and recorded as instrument No. 2021-188342.[1]

3. Plaintiffs predecessor in interest is Roberto C. Alcala, who purchased the property on or about November 10, 2017, and recorded her deed as Instrument No. 2017-139190. in the property records of this County.

4. At the time he acquired the property he executed a purchase money deed of trust in favor of Mortgage Electronic Registration Systems, Inc. as nominee for Mortgage Financial Services, LLC, recording the Instrument No. 2017-139191..

5. The said deed of trust was subsequently assigned to Defendant. The assignment is recorded as instrument No. 2019-46036, and was recorded on April 26, 2019.

---

[1] See Exhibit 1

6. Plaintiff owns the right to equitable redemption. Plaintiff seeks to enforce its right thereto, and to receive from defendant an accounting of all sums due under the mortgage note, if any; and further, Plaintiff seeks to enforce its right to pay off said note.

7. Plaintiff has been unable to receive from Defendant (1) verification that it still holds the deed of trust and Note; (2) any amounts needed to cure a default; or (3) the amounts due in order to fully pay off the note.

8. Plaintiff has invested substantial money in the acquisition of the property.

9. Plaintiff has learned that Defendant intends to foreclose the property on April 5, 2022.

10. If Defendant is allowed to proceed with foreclosure without affording Plaintiff the opportunity to pay off the Note or cure any default, Plaintiff will suffer irreparable harmd.

## VI

## CAUSE OF ACTION

## EQUITY OF REDEMPTION

1. Plaintiff refers to and incorporates by this reference each allegation above.

2. As the purchaser of the property at a junior lien sale, Plaintiff has the right to pay off or discharge any senior indebtedness.

3. Plaintiff is and has been unable to acquire from Defendant any information relative to the lien.

4. Plaintiff prays that the Court Declare that before Defendant may exercise the powers of sale under the deed of trust, that it first provide information sufficient to allow plaintiff to pay off or service any loan secured thereby.

5. In the event that Defendant is unable to authenticate its interest in the Note and Deed of Trust, then Plaintiff would pray, in the alternative, for a Decree of Quiet Title, holding that he owns the property free of the deed of trust.

## VII

## APPLICATION FOR EMERGENCY INJUNCTIVE RELIEF

1. Plaintiff refers to and incorporates by this reference each allegation above.

2. Defendant has posted the property for foreclosure on the first Tuesday of April, 2022.

3. If Defendant is allowed to proceed, Plaintiff will suffer irreparable harm.

4. Plaintiff prays that Defendant be immediately enjoined from taking any step to foreclose the property; and, that upon notice and hearing, such injunction be continued as a Temporary Injunction pending final resolution of this case.

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that Defendant be immediately enjoined from proceeding to foreclose the property the subject of this case, that such TRO be continued as a Temporary Injunction; and, that Defendant be cited to answer and appear herein, and that upon final trial the Court decree that Defendant holds no interest or lien against the property, that Plaintiff owns the property free and clear of the deed of trust referenced above, for attorney fees, costs of court, and for such other and further relief as the Court deems just.

Respectfully submitted,

LAW OFFICES OF KENNETH S. HARTER

/s/ Kenneth S. Harter
Kenneth S. Harter
State Bar ID 09155300
5080 Spectrum Dr. Suite 1000-E.
Addison, Tx. 75001
(972) 752-1928
FAX (214) 206-1491